**Deborah PRESTON, as Beneficiary of the deceased artist Corinthian Johnson; Francis J. Rapp, as Administrator of the Estate of Daniel Earl Rapp;**

**and the Beneficiaries of the Recording Artists Floyd Ashton; Eugene Bricker; Gene Vincent; Marge Ganser Dorst; Mary Ann Ganser; Georgianna Tillman Gordon; Cornell Gunter; Addie Harris; Don Jackson; Horace Key; Barbara Lee; Rudy Lewis; Frankie Lymon; Clyde McPhatter; Joseph Pope; Linda Ann Pought; Clarence Quick; James Sheppard and Stephen Wahrer, individually and on behalf of all others similarly situated, Plaintiffs–Appellants,**

**Johnnie Mae Johnson, as Administrator of the Estate of Corinthian Johnson, and Rosemary Prater, as Administrator of the Estate of Dave Prater, individually and on behalf of all other similarly situated, Plaintiffs,**

**v.**

**The AMERICAN FEDERATION OF TELEVISION AND RADIO ARTISTS HEALTH FUND; James F. Sirmons; Cecil Forster; Marion Preston; Richard N. Goldstein; Mel Brandt; Tyler McVey; Gene Rayburn; Joe Slatterly; Bill Hillman; Frederick Wilhelms and Ted Bird, Defendants–Appellees.**

Docket No. 02–7698.

United States Court of Appeals, Second Circuit.

April 16, 2003.

Alexander Peltz, Peltz & Walker, New York, NY, Oren J. Warshavsky, Gibbons, Del Deo, Dolan, Griffinger & Vecchione, P.C., New York, NY, for Plaintiffs–Appellants.

Bettina B. Plevan, Rory J. Albert, Christopher J. Collins, Hazel–Ann Mayers,

Proskauer Rose LLP, New York, NY, for Defendants–Appellees.

Present: NEWMAN, POOLER, and KATZMANN, Circuit Judges.

### Summary Order

UPON DUE CONSIDERATION of this appeal from judgment of the United States District Court for the Southern District of New York (Robert J. Ward, *Judge*), it is hereby

**ORDERED, ADJUDGED, AND DE-CREED** that the judgment of the District Court is **AFFIRMED.**

The plaintiffs-appellants allege that defendants-appellees American Federation of Television and Radio Artists ("AFTRA") Health Fund ("the Fund") and its individually named trustees (the "Trustees") wrongfully denied them life insurance benefits, in violation of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001–1461. The plaintiffs-appellants are the beneficiaries of deceased recording artists from the 1950s and 1960s who were members of AFTRA, a national labor union with members coming from various entertainment fields. AFTRA administers the Fund for participants who meet certain eligibility requirements. Most relevant for our purposes is the requirement that a participant must have sufficient covered earnings during the period immediately preceding death to be eligible for life insurance benefits. The Plan accords the Trustees full authority to administer the Plan and to construe and interpret its provisions, including any provisions relating to benefits eligibility.

Three plaintiffs filed suit in the Southern District of New York in November 1990, seeking life insurance proceeds on behalf of deceased Fund participants who allegedly qualified for life insurance coverage at the time of their deaths. The case was placed on the suspense calendar in December 1990, pending settlement negotiations, and was restored to the active docket in September 1995. In January 1997, the District Court stayed the litigation to allow the remaining plaintiffs and other alleged beneficiaries to exhaust the Fund's administrative claims process.

Thirteen alleged beneficiaries then initiated the administrative claims process. The Fund rejected all thirteen claims upon making individual findings that each of the deceased artists lacked sufficient covered earnings during the relevant period prior to death to qualify for life insurance coverage. In January 2000, the claimants filed a single administrative appeal to the Fund's Appeals Committee. In June 2000, the Appeals Committee upheld the Fund's denial of life insurance benefits.

The case again returned to the active docket in July 2000, about which time the plaintiffs amended their complaint to name additional plaintiffs. Among these additional plaintiffs were ten alleged beneficiaries who had not pursued administrative remedies against the Fund. The amended complaint alleges wrongful denial of the life insurance benefits, in violation of 29 U.S.C. § 1132, and breach of fiduciary duty, in violation of 29 U.S.C. § 1109. The defendants moved for summary judgment in June 2001. In a decision dated May 16, 2002, the District Court granted the defendants' motion for summary judgment, dismissing the plaintiffs' claims in their entirety. *Preston v. Am. Fed'n of Television & Radio Artists Health Fund,* No. 90 Civ. 7094, 2002 WL 1009458 (S.D.N.Y. May 16, 2002).

The District Court first considered the timeliness of the plaintiffs' claims. The court determined that the denials of benefits claims were not barred by the applicable statute of limitations because the plaintiffs received no communication from the

Fund prior to the institution of the lawsuit that constituted a "clear repudiation" of benefits. *Id.* at *2. The court dismissed the breach of fiduciary duty claims of those plaintiffs whose decedents died more than six years prior to filing the lawsuit as barred by the statute of limitations for such claims as set forth in 29 U.S.C. § 1113. *Preston,* 2002 WL 1009458, at *3. The court also dismissed all claims asserted more than ten years after the artists' deaths under the doctrine of laches. The court explained that the plaintiffs are charged with the knowledge that their decedents may have been eligible for life insurance benefits and that the defendants have been prejudiced by the plaintiffs' delay in bringing these claims, citing the Fund's difficulty in gathering evidence necessary to defend against the claims. *Id.* at *3–*4.

The court then dismissed without prejudice the claims of those plaintiffs who failed to pursue the Fund's administrative claims process. *Id.* at *4–*5. The court determined that the Fund's denial of other plaintiffs' claims does not constitute a "clear and positive showing" that these claims would have been futile, so as to excuse non-exhaustion. *Id.* at *4; *see Kennedy v. Empire Blue Cross & Blue Shield,* 989 F.2d 588, 594 (2d Cir.1993) (explaining that a claimant is excused from exhausting administrative remedies upon making "a 'clear and positive showing' that pursuing available administrative remedies would be futile"). The court reasoned that, because the facts and circumstances surrounding each claimant's eligibility are unique, "the futility of any one claim cannot be assumed based upon the Fund's denial of any other claim." *Preston,* 2002 WL 1009458, at *4.

The District Court then dismissed the remaining claims on their merits. With respect to the denial of benefits claims, the court concluded that the Fund's denials were not arbitrary and capricious. *Id.* at *5–*7; *see Pagan v. NYNEX Pension Plan,* 52 F.3d 438, 441 (2d Cir.1995) ("[W]here the written plan documents confer upon a plan administrator the discretionary authority to determine eligibility, we will not disturb the administrator's ultimate conclusion unless it is 'arbitrary and capricious.'"). The court explained that the Fund conducted "an exhaustive search" that revealed that none of the artists had sufficient covered earnings to qualify for life insurance benefits. *Preston,* 2002 WL 1009458, at *5. The court further concluded that the Appeals Committee did not act arbitrarily and capriciously in rejecting the plaintiffs' arguments that the decedent artists were not notified that their coverage had been terminated, that the re-mastering of an existing work constitutes a "new record" for purposes of calculating covered earnings, and that the Fund should have considered earnings credited to artists to recoup advances on future royalties and payments made to composers of works recorded by the decedents. *Id.* at *6–*7. As to the merits of the remaining breach of fiduciary claims, the court explained that the plaintiffs do not bring these claims on behalf of the Plan, as required by ERISA, but instead are using their breach of fiduciary duty claims as another means to attempt to recover life insurance benefits. *Id.* at *8. The court concluded that these claims also fail because the plaintiffs have set forth insufficient evidence to survive summary judgment. *Id.* The plaintiffs-appellants only appeal the District Court's dismissal of their claims for wrongful denial of benefits, and do not challenge the court's dismissal of their breach of fiduciary duty claims.

We have considered all of the plaintiffs-appellants' arguments and affirm the judgment for substantially the same reasons

stated in the District Court's thorough and well-reasoned opinion. We note that the non-exhausted claims were denied without prejudice and those plaintiffs are free to return to federal court upon exhaustion of their administrative remedies.